

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

449

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Attention: Mr. L. J. Gittinger

Opinion No. O-4407
Re: Do the local authorities
have jurisdiction to hold
inquests upon the dead bodies
of members of the Armed Forces
of the United States?

Your letter requesting the opinion of this department upon the above stated question reads in part as follows:

"Herewith, I hand you copy of a request received by this office from Lewis O. Magnusen, Major, Army Air Forces, Staff Judge Advocate, Randolph Field, Texas, dated July 4, 1942, wherein it is to be noted that he states he has discussed the matter, under consideration, with you.

"I have read the authorities cited by Major Magnusen in his letter and find that all of such authorities involve a situation wherein a Federal Statute was under consideration. I have not been able to find in this case where Congress has passed any statute regulating inquests upon the bodies of members of the Armed Forces of the United States in time of war, the only statute upon this question being inquests to be held upon Army Posts, which are under the exclusive jurisdiction of military authorities, wherein it is stated, in substance, 'when any person is found dead under circumstances which appear to require investigation the commanding officer of the post shall designate a summary court martial for such inquest;' such statute being codified as Vol. 10, Section 1585, U.S.C.A..

"While, of course, there would be no doubt that in the event there was a statute applicable to inquests upon the dead bodies of members of the Armed Forces of the United States by the military authorities that the local civilian authorities would have no jurisdiction, but the enclosure sent with Major Magnusen's letter seems to be regulations issued by the War Department, and even though we are in war, we do not believe that such regulations would have the force and effect of statutes.

"You will understand, of course, that the local coroners would have no disposition to interfere with the Army in the handling of dead bodies of soldiers and the only reason they are holding such inquests is because the statutes, Arts. 968-969 C.C.P., seem to make it mandatory."

The letter of Major Lewis C. Magnusen mentioned in your letter and attached thereto reads as follows:

"Under Title XIII, Articles 968 to 989, Code of Criminal Procedure, the method of making inquests upon dead bodies is provided for. It is made the duty of Justices of the Peace to hold inquests without a jury within their respective Counties when:

"1. A person dies in prison;
2. Any person is killed or from any cause dies an unnatural death, except under sentence of law or in the absence of one or more good witnesses;
3. The body of a human being is found and the circumstances of his death are unknown;
4. The circumstances of the death of any person are such as to lead to suspicion that he came to his death by unlawful means.

"There are numerous Army air fields in this County. When an air crash occurs and the person or persons in military service are killed as a result thereof, the Justice of the Peace conducts an inquest as provided in the Code of Criminal Procedure. It is our position that

Honorable John R. Shook, Page 3

specific Army Regulations promulgated by the War Department give military authorities exclusive jurisdiction to make investigations and disposition of the remains of air crash victims, and that such inquests are not required or necessary. Due to the holding of inquests by local coroner, military authorities are compelled in some instances to wait as long as eight hours before taking charge of the remains of crash victims. The War Department has promulgated Army Regulations concerning aircraft accidents and forced landings, copy of which is inclosed herewith.

"We have discussed this matter with the Attorney General, and he has suggested that we lay the matter before you and ask that you request an opinion from the Attorney General's Department on the subject so that the matter may be settled. For your information we cite the following authorities which we believe sustain our position:

"The Standard Oil Company of California vs. Johnson, _____ U. S. _____, 86 Law Ed 1063

"U.S. vs. MacIntosh, 283 U. S. 605
Hamilton vs. Kentucky Distilleries, 251 U. S. 146
Northern Pacific Railway Company vs. North Dakota, Ex rel Langer, 250 U. S. 135."

Article 968, Vernon's Annotated Code of Criminal Procedure, provides:

"Any justice of the peace shall be authorized, and it shall be his duty, to hold inquests without a jury within his county, in the following cases:

"1. When a person dies in prison.

"2. When any person is killed, or from any cause dies an unnatural death, except under sentence of the law, or in the absence of one or more good witnesses.

"3. When the body of a human being is found,
and the circumstances of his death are unknown.

"4. When the circumstances of the death
of any person are such as to lead to suspicion
that he came to his death by unlawful means."

Section 1585, U. S. C. A., Vol. 10, provides:

"When at any post, fort, camp, or other
place garrisoned by the military forces of the
United States and under the exclusive jurisdiction of the United States, any person shall have
been found dead under circumstances which appear to require investigation, the commanding
officer will designate and direct a summary
court-martial to investigate the circumstances
attending the death; and, for this purpose,
such summary court-martial shall have power to
summon witnesses and examine them upon oath
or affirmation. He shall promptly transmit to
the post or other commander a report of his investigation and of his findings as to the cause
of the death."

We have carefully considered the authorities
cited by Major Magnusen. In each of the cases cited a
Federal statute was involved and under consideration. We
do not think that any of the cases cited are applicable
to the question under consideration. If there is a Federal statute applicable to inquests upon the dead bodies
of the members of the Armed Forces of the United States
by the military authorities we do not think that the
local civil authorities would have any jurisdiction. Section 1585, supra, only authorizes inquests by military
authorities on posts, forts, camps, or other places garrisoned by the military forces of the United States and
under the exclusive jurisdiction of the United States.

In connection with the question here involved
we have carefully considered the regulations issued by
the War Department with reference to accidents, etc.,
where aircraft is involved and do not believe or think
that such regulation has the force and effect of the
statute.

With reference to inquests the question before the justice is whether anyone is responsible for the death inquired into. If he finds that no one is responsible his function is at an end and he has no power to pass upon any other question. (Boehme v. Sovereign Camp Woodmen of the World, 84 S. W. 422; Texas Jurisprudence, Vol. 24, p. 364.)

In answer to the question submitted, it is our opinion that justices of the peace are not authorized nor is it their duty to hold inquests at any post, fort, camp, or other place garrisoned by the military forces of the United States and under the exclusive jurisdiction of the United States. It is our further opinion that the justices of the peace are authorized and it is their duty to hold inquests as required by Article 968, supra, when an air crash or accident occurs and a person or persons in military service are killed as a result thereof any where in the county except in the places above mentioned.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:LM

APPROVED SEP 9, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN